15-2178
Medina v. Tremor Video, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, Jr.,
                    *Circuit Judges.*

_____

ALEJANDRO MEDINA, Individually and on Behalf of
All Others Similarly Situated, and ADAM FURMAN,
                    *Plaintiffs-Appellants*,


          v.                                        No. 15-2178-cv


TREMOR VIDEO, INC. et al.,

                    *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | SUSAN K. ALEXANDER (Andrew S. Love, *on the brief*), Robbins Geller Rudman & Dowd LLP, San Fransico, CA; Corey D. Holzer, Marshall P. Dees, *on the brief*, Holzer & Holzer, LLC, Atlanda, GA. |
| FOR DEFENDANTS- APPELLEES: | KOJI F. FUKUMURA (Ryan E. Blair, *on the brief*), Cooley LLP, San Diego, CA; Adam Hakki, *on the brief*, Shearman & Sterling LLP, New York, NY. |

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Alejandro Medina brings this securities class action on behalf of himself and others similarly situated, along with Adam Furman ("plaintiffs"), against Tremor Video, Inc., an online video advertisement network provider, and its underwriters, Credit Suisse Securities (USA) LLC, Jefferies LLC, Canaccord Genuity Inc., and Oppenheimer & Co. Inc. ("defendants"), pursuant to Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o, claiming a failure to disclose known trends or uncertainties as required by Item 303 of the Securities and Exchange Commission's ("SEC") Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii). On June 27, 2013 defendants issued 7.5 million common shares at $10 per share, pursuant to a registration statement and prospectus (collectively, the "Registration Statement") filed with the SEC.

The United States District Court for the Southern District of New York (Paul A. Crotty, J.) granted the defendants' motion to dismiss, holding that plaintiffs' "conclusory complaint fails to allege sufficient facts to support a plausible inference" that defendants omitted material trends or uncertainties. Medina v. Tremor Video, Inc., No. 13-CV-8364 (PAC), 2015 WL 1000011, at *2 (S.D.N.Y. March 5, 2015). Further, the district court concluded that defendants' Registration Statement had adequate cautionary language to defeat plaintiffs' claim. Id. at *3. Subsequently, the district court denied plaintiffs' motion for leave to amend their complaint under Federal Rule Civil Procedure 15(a)(2), holding that the "proposed amendments would be futile," and denied plaintiffs' motion to

amend or vacate the judgment pursuant to Rules 59(e), 60(b). Medina v. Tremor Video, Inc., No. 13-CV-8364 (PAC), 2015 WL 3540809, at *2 (S.D.N.Y. June 5, 2015). Plaintiffs timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. For the reasons stated below we affirm.

We review de novo both the district court's grant of defendants' Federal Rule of Civil Procedure 12(b)(6) motion and its denial of plaintiffs' request for leave to amend their complaint, because that denial was based on futility, which is a legal conclusion. See Meyer v. Jinkosolar Holdings Co., 761 F.3d 245, 249 (2d Cir. 2014); Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010).

As a preliminary matter, we reject plaintiffs' attempt to characterize the actions of the district court in this case as following the same procedure held an abuse of discretion in Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160 (2d Cir. 2015). Loreley held that forcing a plaintiff to choose between "agree[ing] to cure deficiencies not yet fully briefed and decided or forfeit[ing] the opportunity to replead" was an abuse of discretion. Id. at 190. However, Loreley "le[ft] unaltered the grounds on which denial of leave to amend has long been held proper, such as . . . futility." Id. The court below did not require that the plaintiffs "forfeit[] . . . the protections afforded by Rule 15" in the "absence of a definitive ruling," id., but considered the proposed amended complaint pursuant to Rule 15 and found that the amendment would be futile, Medina, 2015 WL 3540809 at *2. We assume that the district judge did as he said and considered

3

the proposed amended complaint under the proper Rule 15 standard. In any event, plaintiffs' procedural objection is immaterial because we review the district court's decision de novo, and evaluate the proposed second amended complaint under the proper standard. Starr, 592 F.3d at 321.

Although courts "should freely give leave [to amend pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), a court need not grant such leave if the proposed amendment would still not state a claim, so that the amendment would be futile, Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 50 (2d Cir. 1991). "In assessing whether the proposed complaint states a claim, we consider the proposed amendment[s] . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." Panther Partners Inc. v. Ikanos Commcns, Inc., 681 F.3d 114, 119 (2d Cir. 2012) (internal citations and quotation marks omitted) (alteration in original). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (quotation marks and alteration omitted). We conclude that the district court did not err in denying plaintiffs' request for leave to amend because we agree such amendment would be futile.

Plaintiffs allege that defendants were aware of three material trends or uncertainties that they failed to disclose in their Registration Statement: (1) uncertainty

4

about network delays in upfront ad buys ("upfronts"), (2) a trend toward demographic pricing, and (3) a trend toward increased programmatic ad buying. If adequately pled, such omissions could state a claim for a violation of Item 303. See 17 C.F.R. § 229.303(a)(3)(ii) (requiring the disclosure of "any *known* trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations") (emphasis added). However, the proposed second amended complaint fails to plausibly allege that defendants *knew* of the alleged uncertainties and trends at the time of the Registration Statement.

Plaintiffs' proposed second amended complaint contains no assertions of defendants' actual knowledge. To support their allegation that the Registration Statement omitted necessary information about delays in upfronts, plaintiffs allege that publicly available information made it "apparent" that two out of five major television networks, as of the date of defendants' Registration Statement, were two weeks later in closing their upfronts than they had been the prior year.[2] JA 237 ¶ 41. As to the other alleged trends or uncertanties, plaintiffs allege only suppositions of what defendants "would have" known or were "in a position to know." JA 242 ¶ 65, 243 ¶ 71. These allegations are

---

[2] Plaintiffs refer to this two week disparity as a "delay," but the historical data this characterization relies on is very slim. The complaint compares the dates on which the major television networks completed their upfronts for just two years, 2012 and 2013, and shows that three of the five networks completed their 2013 upfronts *earlier* than in 2012. What emerges from the historical data is not a clear pattern of a change in when major television networks completed their upfronts, but some spreading of the dates on which upfronts were completed as compared to one year before.

insufficient. Our precedents require allegations of specific facts from which we could draw the "plausible inference" that defendants had actual knowledge of the trends or uncertainties at the time the registration statement was issued. See Panther Partners Inc., 681 F.3d at 121; Garber v. Legg Mason, Inc., 537 F. Supp. 2d 597, 614 (S.D.N.Y. 2008) aff'd, 347 F. App'x 665 (2d Cir. 2009) ("Merseyside argues that pleading a trend's *existence* is enough to support a claim, and whether defendants were actually aware of the trend is not legally operative. Merseyside misreads Item 303, which requires that the trend actually be *known*.") (emphasis in original).

Our two decisions in Panther Partners Inc. v. Ikanos Commc'ns, Inc. are instructive. In the first appeal, we upheld the district court's ruling that the proposed amended complaint failed to state a claim where plaintiffs' alleged the non-disclosure of a trend or uncertainty created by an allegedly high product defect rate but they failed to allege facts "answering the critical question about when the company *knew* that the defect rate [of their product] was unusually high," and the failure to disclose the trend or uncertainty created by the high defect rate was the alleged violation of Item 303. 347 F. App'x 617, 621 (2d Cir. 2009) (emphasis added). After we remanded to allow the plaintiff to amend the complaint, the district court again dismissed, but we reversed. In doing so, we found the following two additional allegations critical: "(1) that these customers [complaining about product defects] accounted for 72% of [the company's] revenues in 2005 and (2) that [the company] *knew at the time* it was receiving an

6

increasing number of calls from these customers that it would be unable to determine which chip sets contained defective chips." 681 F.3d at 121(emphasis added).

Plaintiffs here offer no similar specific factual allegations from which we could infer that defendants knew at the time they issued the Registration Statement on June 27, 2013 about the trends or uncertainties, which they came by hard experience to learn were affecting their business when, in November 2013, they released their disappointing financial results from the third quarter. With the benefit of hindsight, it may be possible to say that seeds of what was to come were available to defendants at the time. But we cannot attribute to defendants, based on hindsight alone, knowledge that events that may well have appeared unremarkable at the time, were omens of future material problems. The proposed second amended complaint does not state facts from which we can infer that defendants knew of the existence or impact of any uncertainty or trend that the rest of the world did not know, and that therefore should have been disclosed.[3]

---

[3] The fact that the underlying information was public is not in itself fatal to plaintiffs' claim. Item 303 requires disclosure of the "potential future *impact*" of a publicly known trend, such as the downward trend in the real estate market, if it "might reasonably be expected to materially impact [the company's] future revenues." Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 719 (2d Cir. 2011) (emphasis in original). Here, however, plaintiffs do not allege facts that support a plausible inference that defendants knew at the time of the Registration Statement that the publicly available information indicated anything in particular about its potential future impact on defendants' business.

We have considered the plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court